IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-47,282-03






EX PARTE MELVIN LEON GOODSPEED, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM BOWIE COUNTY

IN CAUSE NO. 00F0659-202

IN THE 202ND DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated sexual assault of a child and sentenced to confinement for
ninety-nine years. Applicant's conviction was affirmed on appeal. Goodspeed v. State, No.
06-01-00227-CR (Tex. App.--Texarkana, delivered June 21, 2005, no pet.).

 Applicant contends that trial counsel was ineffective. Specifically, he contends that
trial counsel (1) failed to conduct an adequate voir dire and used two peremptory strikes for
veniremembers who had been previously excused; (2) failed to cross-examine the
complainant and outcry witness at a hearing pursuant to Tex. Code Crim. Proc. art. 38.072;
(3) failed to investigate facts that might have revealed a different perpetrator; (4) failed to
object at trial to the admission of an outcry statement and subsequent testimony of an outcry
witness ; and (5) failed to object at trial to the hearsay testimony of a non-designated outcry
witness.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed, and because this Court cannot
hear evidence, the trial court is the appropriate forum. The trial court may resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from trial counsel, or it may order a hearing. In the
appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel was ineffective (1) for not conducting an adequate voir dire and for
using two peremptory strikes for veniremembers who had been previously excused; (2) for
not cross-examining the complainant and outcry witness, Jackie Johnson, at a hearing
pursuant to Tex. Code Crim. Proc. art. 38.072, and for not questioning the veracity and
reliability of the outcry statement and Johnson's qualifications as an outcry witness under art.
38.072; (3) for not questioning the complainant's grandmother and adequately investigating
whether the complainant was sexually assaulted by her cousin, Kevin; (4) for not objecting
at trial to the admission of an outcry statement and subsequent testimony from the outcry
witness, Jackie Johnson; and (5) for not objecting at trial to outcry testimony from Cecelia
Cole, who was not designated as an outcry witness. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE EIGHTH DAY OF MARCH, 2006.






DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.